**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | | |
|---|---|---|
| TOWN OF DAVIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 0:26-cv-60052-RS |
| v. | ) | |
| | ) | |
| FERGUSON ENTERPRISES LLC and | ) | |
| MUELLER SYSTEMS LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT MUELLER SYSTEMS LLC'S MOTION TO DISMISS
COUNTS II, IV, AND VI OF PLAINTIFF'S AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

# **TABLE OF CONTENTS**

**Page**

BACKGROUND ....................................................................................................... 2

LEGAL STANDARD .............................................................................................. 4

I.      Count II Still Fails to State a Claim for Breach of Contract Against Mueller. ................. 5

II.     Count IV Still Fails to Plausibly Allege Breach of Warranty Against Mueller................. 7

III.    Count VI Is Not Plead with the Particularity Required by Rule 9(b) and Is Barred by
        the Economic Loss Doctrine and Independent Tort Rule. ............................................... 11

        A.      Plaintiff's Fraud Claim Fails to Meet the Heightened Pleading Standard of
                Fed. R. Civ. P. 9(b) and Should be Dismissed Per Fed. R. Civ. P. 12(b)(6).......... 11

        B.      The Economic Loss Rule and Independent Tort Doctrine Preclude Plaintiff's
                Fraudulent Inducement Claim as a Matter of Law................................................ 15

IV.     Plaintiff Cannot Recover the Only Remedy it Seeks as a Matter of Law. ........................ 17

CONCLUSION........................................................................................................... 18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alhassid v. Bank of Am., N.A.*,
    60 F.Supp.3d 1302 (S.D. Fla. 2014) .......................................................................15, 16, 17

*Ament v. One Las Olas, Ltd.*,
    898 So. 2d 147 (Fla. 4th DCA 2005) .................................................................................18

*Amoco Oil Co. v. Gomez*,
    125 F. Supp. 2d 492 (S.D. Fla. 2000) ...............................................................................18

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................4, 8, 11

*Babieca Cap., LP v. Cohen Anytime, Inc.*,
    No. 1:24-CV-24460-PCH, 2025 WL 1488524 (S.D. Fla. May 23, 2025) ..............................14

*Bailey v. Monaco Coach Corp.*,
    350 F. Supp. 2d 1036 (N.D. Ga. 2004), *aff'd*, 168 F. App'x 893 (11th Cir.
    2006) .................................................................................................................................7

*Behrman v. Allstate Ins. Co.*,
    388 F.Supp.2d 1346 (S.D. Fla. 2005) ...............................................................................14

*Brisson v. Ford Motor Co.*,
    349 F. App'x 433 (11th Cir. 2009).....................................................................................10

*Brown v. Capital One Bank (USA), N.A.*,
    No. 15-60590-civ, 2015 WL 5584697 (S.D. Fla. Sept. 22, 2015)...........................................6

*Burns v. Winnebago Industries, Inc.*,
    No. 8:13-cv-1427-T-24 MAP, 2013 WL 4437246 (M.D. Fla. Aug. 16, 2013) ................16, 17

*Butler v. Yusem*,
    44 So. 3d 102 (Fla. 2010)....................................................................................................11

*Combe v. Flocar Inv. Grp. Corp.*,
    977 F.Supp.2d 1301 (S.D. Fla. 2013) ...............................................................................12

*Davidson v. Cap. One Bank (USA), N.A.*,
    797 F.3d 1309 (11th Cir. 2015) .........................................................................................13

*Dawson v. Generac Power Systems, Inc.*,
    No. 8:24-cv-2412, 2025 WL 3754016 (M.D. Fla. Dec. 29, 2025) .......................................16

*E. River S.S. Corp. v. Transamerica Delaval*, Inc., 476 U.S. 858 (1986) ......................................6

*Feaster v. Electrolux Consumer Prods., Inc.*,
    No. 8:25-CV-00910-JLB-NHA, 2026 WL 183559 (M.D. Fla. Jan. 23, 2026)......................12

*FindWhat Inv. Grp. v. FindWhat.com*,
    658 F.3d 1282 (11th Cir. 2011) ...........................................................................................12

*Ganz v. Grifols Therapeutics LLC*,
    688 F. Supp. 3d 1209 (S.D. Fla. 2023) ...............................................................................14

*Hernandez v. Stingray Grp. Inc.*,
    No. 24-CV-21226, 2025 WL 1047138 (S.D. Fla. Mar. 4, 2025)....................................14, 15

*Jovine v. Abbott Lab'ys, Inc.*,
    795 F. Supp. 2d 1331 (S.D. Fla. 2011) .................................................................................7

*Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*,
    No. 23-cv-60460, 2023 WL 2987666 (S.D. Fla. Apr. 18, 2023) ...........................................6

*Kelly v. Lee Cnty. RV Sales Co.*,
    819 F. App'x 713 (11th Cir. 2020).................................................................................8, 18

*Manning v. Carnival Corp.*,
    No. 12-22258-CIV, 2012 WL 3962997 (S.D. Fla. Sept. 11, 2012)..........................................6

*Mizzaro v. Home Depot, Inc.*,
    544 F.3d 1230 (11th Cir. 2008) ......................................................................................5, 12

*Mt. Hawley Ins. Co. v. Pallet Consultants Corp.*,
    No. 06-61763-civ, 2009 WL 1911722 (S.D. Fla. July 1, 2009) ...........................................18

*Pastor v. Bank of Am., N.A.*,
    664 F.Supp.3d 1365 (S.D. Fla. 2023) .................................................................................16

*Peebles v. Puig*,
    223 So. 3d 1065 (Fla. 3d DCA 2017) ............................................................................16, 17

*Philip Morris USA Inc. v. Principe*,
    337 So. 3d 821 (Fla. 3d DCA 2021) ...................................................................................12

*PVC Windoors, Inc. v. Babbitbay Beach Const., N.V*
    ., 598 F.3d 802 (11th Cir. 2010) ....................................................................................11, 12

*Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc.*,
    160 F.4th 1110 (11th Cir. 2025) ........................................................................................12

*Richards v. Fresh Mkt., Inc.*,
    No. 25-60642-CIV, 2025 WL 1734722 (S.D. Fla. June 23, 2025).......................................10

*Riley v. Gen. Motors, LLC*,
    664 F. Supp. 3d 1336 (M.D. Fla. 2023) ...................................................................10

*Rivell v. Private Health Care Sys., Inc.*,
    520 F.3d 1308 (11th Cir. 2008) .................................................................................4

*Shelor v. Jaguar Land Rover N. Am. LLC*,
    No. 3:23-CV-908-WGY-PDB, 2025 WL 1580834 (M.D. Fla. Jan. 31, 2025)...................7, 10

*Spears v. SHK Consulting & Dev., Inc.*,
    338 F.Supp.3d 1272 (M.D. Fla. 2018) .....................................................................15

*Stepakoff v. IberiaBank Corp.*,
    637 F.Supp.3d 1309 (S.D. Fla. 2022) ................................................................5, 6, 16

*In re Takata Airbag Prods. Liab. Litig.*,
    193 F.Supp.3d1324 (S.D. Fla. 2016)l ......................................................................16

*Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*,
    110 So.3d 399 (Fla. 2013).......................................................................................15

*TransPetrol Ltd. v. Radulovic*
    764 So.2d 878 (Fla. 4th DCA 2000), *aff'd sub nom. Behrman v. Allstate Life*
    *Ins. Co.*, 178 F. App'x 862 (11th Cir. 2006) .........................................................14

*Trief v. Am. Gen. Life Ins. Co.*,
    444 F. Supp. 2d 1268 (S.D. Fla. 2006) ......................................................................7

*Turner v. KeyBank*,
    No. 08-10058-CIV, 2009 WL 10667001 (S.D. Fla. Aug. 13, 2009) .......................17

*U.S. Water Servs. Corp. v. Xylem Water Sols. U.S.A. Inc.*,
    No. 2:25-CV-15-SPC-DNF, 2025 WL 3080106 (M.D. Fla. Oct. 2, 2025) .........................6, 18

*Uniq Branch Off. Mexico, S.A. de C.V. v. Steel Media Grp., LLC*,
    No. 22-23876-CIV, 2023 WL 6294841 (S.D. Fla. Sept. 27, 2023).........................17

*Vazquez v. General Motors, LLC*,
    No. 17-22209-CIV, 2018 WL 447644 (Jan. 16, 2018)............................................16

*Viamontes v. Scottsdale Ins. Co.*,
    No. 20-22532-CIV, 2020 WL 5981680 (S.D. Fla. Oct. 8, 2020) ...........................11

*White v. Americas Servicing Co.*,
    461 F. App'x 841 (11th Cir. 2012)...........................................................................13

## Statutes

Fla. Stat. § 672.607(3)(a) ...............................................................................................8

Fla. Stat. § 672.719(1)(a) .................................................................................................8, 17

Fla. Stat. § 672.719(1)(b) .......................................................................................................18

**Other Authorities**

Fed. R. Civ. P. 9 .....................................................................................................................15

Fed. R. Civ. P. 9(b) ...................................................................................................1, 4, 11, 14

Fed. R. Civ. P. 12(b)(6)...............................................................................................2, 4, 11

Fed. R. Civ. P. 41(b) ...............................................................................................................11

Unsatisfied with the water-metering system it purchased in 2018, Plaintiff Town of Davie filed suit against Mueller Systems, LLC ("Mueller")—the meter manufacturer—for breach of contract and warranty. Dkt. 1-2. Mueller moved to dismiss Plaintiff's original Complaint because it failed to state an actionable claim and identified distinct deficiencies in Plaintiff's allegations. Dkt. 9. Plaintiff opted to file an Amended Complaint instead of responding to that Motion. Dkt. 14. But the Amended Complaint fails to correct the deficiencies in the breach-of-contract and breach-of-warranty claims and asserts a new—equally insufficiently pled and legally barred— fraudulent inducement claim against Mueller.[1] Like before, Plaintiff's alleged grievances against Mueller do not amount to a breach of the contract, nor do they plausibly allege a breach of the warranty. As for Plaintiff's new fraudulent inducement claim, the Amended Complaint fails to allege the requisite elements with the heightened specificity required by Federal Rule of Civil Procedure 9(b) and the claim is barred by Florida's economic loss rule and independent tort doctrine.

Even if Plaintiff had plead plausible claims, Plaintiff's sole remedy would be repair or replacement (or, for certain items, reimbursement on a pro-rated basis and termination of the agreement)—at Mueller's option—not the money damages Plaintiff seeks. Because Plaintiff has once again failed to state actionable claims for breaches of contract and warranty, and because Plaintiff's fraudulent inducement against Mueller is barred as a matter of law, the Court should

---

[1] Plaintiff also sued Ferguson Enterprises LLC, the distributor and installer of the meters, for breach of contract, breach of warranty, and fraud in the inducement. These claims are stated in counts I, III, and V of the Amended Complaint. Mueller reviewed the Court's January 12, 2026 Order, Dkt. 4, and consulted with counsel for Ferguson. Because the claims against Ferguson are premised on different contracts and alleged warranties, Mueller and Ferguson agreed their respective motions to dismiss should be filed separately due to the clear distinctions in grounds for relief sought by Plaintiff.

dismiss all counts against Mueller—Counts II, IV, and VI—<u>with</u> prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff alleges it entered a "Master Agreement" contract with Mueller in 2018, and this contract "govern[ed] the sale by Mueller and the purchase by [Plaintiff] for its use if [sic] Equipment, Software, Documentation and other items related to" the replacement of approximately 9,600 water meters in the town of Davie (the "Project"). Dkt. 14, ¶¶ 9, 24–25. According to the Amended Complaint, "[f]rom the start of the Advanced Metering Infrastructure Project going live, the Town experienced issues with the AMI software, services, and equipment not performing as contracted." *Id.* ¶ 34. Plaintiff further alleges that "[t]he issues with the AMI include but are not limited to: meters failing to read, meters turning off, meters failing to communicate with the system, hardware failures, software failures, long lead time for meter replacements, and failure of the data transfer file." *Id.* ¶ 35. Plaintiff seeks exclusively to recover from Mueller "monetary damages" for economic loss. *Id.* p. 9, *ad damnum*, p. 12, *ad damnum*; p. 14, *ad damnum*.

Paragraph 9 of the Master Agreement, attached to the Amended Complaint as Exhibit G (Dkt. 14-7), contains binding warranty terms and limitations relevant to Plaintiff's claims. Specifically, the Master Agreement provides:

> 9.  **LIMITED WARRANTIES; REMEDIES**
>
>    a.   <u>Software</u>. Subject to the exclusions herein, including those in <u>Appendix A</u>, Mueller Systems warrants that commencing from the date of shipment or provision to Customer and continuing for the period set forth in <u>Appendix A</u> (the "**Warranty Period**"), (i) the media on which the Software is furnished will be free of defects in materials and workmanship under normal use; and (ii) the Software will perform substantially in conformance with the applicable Documentation provided to Customer by Mueller Systems. ***Mueller Systems does not warrant that the Software will operate in***

> **combination with other software, except as specified in the Documentation, that the Software will meet the Customer's requirements or that the operation of the Software will be uninterrupted or error-free. Customer assumes responsibility to take adequate precautions against damages which could be caused by defects, interruptions or malfunctions in the Software or the hardware on which it is installed.** Mueller Systems' entire obligation and Customer's exclusive remedy with respect to the Software warranties set forth above shall be, at Mueller Systems' option, to either (1) repair or replace any Software containing an error or condition which is reported by Customer in writing to Mueller Systems which causes the Software not to conform with the warranty set forth herein; or (2) refund a pro-rated amount paid by Customer to Mueller Systems and terminate this Agreement and all licenses provided herein.

….

> c.   <u>Equipment</u>. Subject to the exclusions herein, including those in <u>Appendix A</u>, Mueller Systems warrants to Customer that the Equipment will comply with provided specifications for the periods specified in <u>Appendix A</u>. Claims under this Section will be considered if submitted to Mueller Systems within sixty (60) days following the discovery of the noncompliant Equipment covered by this Agreement and provided Mueller Systems or its agents are permitted a commercially reasonable opportunity to examine and analyze the Equipment claimed to be noncompliant. ***Mueller Systems' entire obligation and Customer's exclusive remedy with respect to the Equipment warranties set forth herein, at Mueller Systems' option, is repair or replacement of any Equipment found noncompliant, subject to the terms and conditions herein, during the applicable warranty period <u>after such Equipment is properly packaged and returned prepaid to Mueller Systems' designated service center</u>***. Return material authorization ("RMA") process turnaround period shall be measured as the time period from receipt of Equipment at Mueller Systems' repair facility to the date that repaired/replaced Equipment leaves Mueller Systems' repair facility bound to Customer. RMA turnaround period shall be 60 days.

Dkt. 14-7, pp. 3–4 (emphases added).

Under the terms of the Master Agreement, these limited warranties are the exclusive warranties applicable to the documentation, software, and equipment, including any warranty related to "quality or performance." *Id*. at p. 4 The Master Agreement also expressly disclaims all

other remedies and warranties. *Id.* at p. 4. To ensure a common understanding of the scope of the parties' accord, the Master Agreement contains an integration (or merger) clause clarifying that the document "constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all other prior contemporary agreements, understandings, and commitments between the parties regarding the subject matter of th[e] Agreement." *Id.* ¶ 13.

## LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). More is required "than labels and conclusions," "a formulaic recitation of elements," or "naked assertions devoid of further factual enhancement." *Id.* (quotation omitted). Simply put, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quotation omitted). Meeting this plausibility requirement instead demands Plaintiff "plead **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted and emphasis added). Although the Rule does not demand "detailed factual allegations," a sufficient factual basis for the claims, beyond just "an unadorned, the-defendant-unlawfully-harmed-me accusation," is required. *Id.* (quotation omitted). Put another way, a complaint must have "enough fact to raise a reasonable expectation that discovery will reveal 'evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quotation omitted).

For claims alleging fraud, the pleading requirement is heightened: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In practice, a fraud claim must allege "the who, what, when, where, and how of the

allegedly false statements" with specificity to survive dismissal. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

**ARGUMENT**

**I.      Count II Still Fails to State a Claim for Breach of Contract Against Mueller.**

In Florida, a breach of contract claim must allege "(1) a valid contract; (2) Plaintiff's performance of her obligations under the contract or a legal excuse for its nonperformance; (3) a material breach; and (4) damages." *Stepakoff v. IberiaBank Corp.*, 637 F.Supp.3d 1309, 1313 (S.D. Fla. 2022) (quotation omitted). And "[i]n order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached." *Id.* (quotation omitted).

Mueller moved to dismiss Plaintiff's original breach of contract claim because the original Complaint failed to identify the contractual provision Mueller allegedly breached. The Amended Complaint does not remedy this pleading failure.

The Amended Complaint alleges the "Master Agreement was to govern the **sale** by Mueller and the **purchase** by the Town for its use if [sic] Equipment, Software, Documentation and other items [for the Project]." Dkt. 14, ¶ 25 (emphases added). Mueller's specific contractual obligation was thus "to provide [i.e., sell] equipment, software, and services" to Plaintiff. *Id.* ¶ 51. **Nowhere does the Amended Complaint allege Mueller failed to do so**. To the contrary, the Amended Complaint's allegations show Mueller sold, and Plaintiff purchased and received, the items contemplated in the Master Agreement. *See id.* ¶ 1 ("This is an action for damages arising from Defendants' work in *implementing, installing, and servicing* an Advanced Metering Infrastructure Project in the Town of Davie." (emphasis added)); ¶ 33 ("Following entering into the contracts in question, 10,031 Mueller meters were *installed* across The Town [of Davie]." (emphasis added)). As Plaintiff has failed to point to a specific contractual obligation relating to the purchase/sale of

5

equipment, software, or services for the Project that Mueller allegedly breached, dismissal of Count II is required. *E.g.*, *Stepakoff*, 637 F.Supp.3d at 1315 ("Plaintiff has failed to state a claim that the bank's actions were in violation of the account's Terms and Conditions. Count II is dismissed."); *Jumping Jack Retail II, Inc. v. 7-Eleven, Inc.*, No. 23-cv-60460, 2023 WL 2987666, at *2 (S.D. Fla. Apr. 18, 2023) (dismissing breach of contract claim because "Plaintiff's Complaint does not specify any provision of the Miami Agreement that was breached"); *Brown v. Capital One Bank (USA), N.A.*, No. 15-60590-civ, 2015 WL 5584697, at *3 (S.D. Fla. Sept. 22, 2015) (collecting cases).

The Amended Complaint does allege that "Mueller's obligation for defective equipment was to repair or replace any equipment that was found to be noncompliant during the warranty period," Dkt. 14, ¶ 32, and that Mueller failed to provide *proper* equipment, services, and software for the Project. *Id.* ¶ 53. But "[d]amage to a product itself is most naturally understood as a warranty claim. Such damage means simply that the product has not met the customer's expectations, . . . . The maintenance of product value and quality is precisely the purpose of express and implied warranties." *E. River S.S. Corp. v. Transamerica Delaval*, Inc., 476 U.S. 858, 872 (1986). Insofar as these allegations sounding in breach-of-warranty form the sole potential basis for Plaintiff's breach-of-contract claim, the Court should dismiss Count II (the breach-of-contract claim against Mueller) with prejudice as duplicative of Count IV (the breach-of-warranty claim against Mueller). *E.g.*, *U.S. Water Servs. Corp. v. Xylem Water Sols. U.S.A. Inc.*, No. 2:25-CV-15-SPC-DNF, 2025 WL 3080106, at *1 n.1 (M.D. Fla. Oct. 2, 2025) (concluding that a breach of contract claim based on a "failure to deliver non-defective Equipment" to be "duplicative of the breach of express warranty claim" and subject to dismissal for the same reasons as the breach of warranty claim); *Manning v. Carnival Corp.*, No. 12-22258-CIV, 2012 WL 3962997, at *2 (S.D.

Fla. Sept. 11, 2012) ("To promote judicial economy, a court should dismiss claims that are duplicative of other claims. (quotation omitted)); *Trief v. Am. Gen. Life Ins. Co.*, 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006) (dismissing claim for "breach of an implied covenant of good faith and fair dealing" as duplicative of claim for breach of contract).

## II.     Count IV Still Fails to Plausibly Allege Breach of Warranty Against Mueller.

The Amended Complaint also fails to plausibly allege Mueller breached its limited contractual warranty. "In Florida as elsewhere generally a written warranty … is often referred to and treated as a contract between buyer and seller. Accordingly, liability for breach of an express warranty derives from and is measured by the warranty's terms." *Shelor v. Jaguar Land Rover N. Am. LLC*, No. 3:23-CV-908-WGY-PDB, 2025 WL 1580834, at *12 (M.D. Fla. Jan. 31, 2025) (citations omitted and cleaned up). Stating a claim for breach of express warranty under Florida law requires the complaint to plausibly allege: "(1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty." *Jovine v. Abbott Lab'ys, Inc.*, 795 F. Supp. 2d 1331, 1339–40 (S.D. Fla. 2011).

As to the third requirement specifically—breach of the warranty—"a plaintiff must allege sufficient facts to make it plausible that the defendant failed to comply with the warranty's terms." *Shelor*, 2025 WL 1580834, at *12. Further, the "warranty itself is not breached simply because a defect occurs. Pursuant to Florida law, a warranty is breached only if the warrantor does not remedy the covered defects within a reasonable time." *Bailey v. Monaco Coach Corp.*, 350 F. Supp. 2d 1036, 1044 (N.D. Ga. 2004) (citation omitted), *aff'd*, 168 F. App'x 893 (11th Cir. 2006). Where, as here, the warranty limits the consumer's remedy—such as to repair or replacement of the

product[2]—establishing a breach of that warranty thus requires the plaintiff to *plausibly* allege, and ultimately prove, not only "that the product had a defect covered by the warranty when sold [and] the [plaintiff] provided notice of the defect to the warrantor within a reasonable time after its discovery, [but also that] the warrantor failed to repair the defect [or replace the item]" in a manner consistent with the terms of the warranty. *Kelly v. Lee Cnty. RV Sales Co.*, 819 F. App'x 713, 718 (11th Cir. 2020) (citing Fla. Stat. § 672.607(3)(a)). For purposes of this required showing, conclusory assertions will not suffice.

Turning to the Amended Complaint, Plaintiff alleges that "Mueller agreed to provide a Limited Warranty for their Systems Products," pursuant to which "Mueller agreed that they would repair or replace any software containing an error or condition that causes the software to not conform or refund a pro-rated amount and terminate the agreement," and "repair or replace any equipment that was found to be noncompliant." Dkt. 14, ¶¶ 72–74. Plaintiff claims that "[t]o date, Mueller has not repaired any of the defects within the System." *Id.* ¶ 81.

These allegations are insufficient to state a claim for breach of warranty. First, the Amended Complaint simply recites the breach-of-warranty element of failing to repair a warranted item without adding a single detail—such as, the date a repair was requested, whether Plaintiff complied with its obligations to return the product, and the outcome of that request. Because this naked "failure to repair" allegation is "devoid of further factual enhancement," it does not suffice to state a plausible breach-of-warranty claim. *Iqbal*, 556 U.S. 662, 678. Second, as Plaintiff acknowledges, when the Limited Warranty is implicated, Mueller can decide whether to repair *or* replace the affected equipment. Dkt. 14, ¶¶ 31, 74. In passing, the Amended Complaint acknowledges meter

---

[2] Florida law permits a manufacturer to "limit[] the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts." *See* Fla. Stat. § 672.719(1)(a); *see also, e.g.*, Kelly, 819 F. App'x at 717.

replacements indeed occurred, alleging "long lead time for [such] replacements." *Id.* ¶ 35.  Thus, Plaintiff's own allegations tacitly admit Mueller has complied with the Limited Warranty by replacing meter equipment. *Id.*

The breach-of-warranty claim is insufficiently pled for the additional reason that Plaintiff has not sufficiently alleged Plaintiff's own compliance with the Limited Warranty's claim-submission procedure. Plaintiff claims only that it "has provided continuous ***notice*** of the issues to Mueller in an attempt to have the issues cured under the Mueller Limited Warranty." *Id.* ¶ 78 (emphasis added). With respect to equipment, mere notice is insufficient to invoke or comply with Mueller's express warranty. The Master Agreement contains a specific warranty procedure for equipment believed to be noncompliant: Plaintiff must submit a claim within 60 days of discovering suspected noncompliance and return the subject equipment to Mueller Systems, so Mueller may "examine and analyze the Equipment claimed to be noncompliant." Doc. 14-7, pp. 4, 8. Plaintiff must "properly package[] and return[] [the Equipment] prepaid to Mueller Systems' designated service center." *Id*. For the equipment issues Mueller deems covered by the warranty,[3] Mueller's sole and "entire obligation and [Plaintiff's] exclusive remedy with respect to the Equipment warranties" is "repair or replacement" of the equipment. *Id.*

The Amended Complaint, like the original, fails to allege the issues with the equipment were covered by the warranty, that Plaintiff complied with the warranty procedures by returning allegedly defective equipment to Mueller within 60 days as prescribed, or that Mueller refused to repair or replace the allegedly defective equipment. As such, Plaintiff has failed to plausibly state

---

[3] The warranty excludes, for example, hardware and software that has "been altered" without Mueller's consent; "used in conjunction with another product resulting in the defect"; or "damaged by improper environment, abuse, misuse, accident, negligence, act of God, excessive operating conditions, or unauthorized attachments or modifications."  Dkt. 14-7, ¶ 9(d).

a claim that Mueller breached its express warranty to repair or replace defective equipment, consistent with the terms of the warranty. *Brisson v. Ford Motor Co.*, 349 F. App'x 433, 434 (11th Cir. 2009) (affirming dismissal of plaintiffs' express warranty claim where "plaintiffs failed to allege that they ever presented their vehicles to a Ford dealership for repair or that the Ford dealership failed to make the repair (citation omitted)); *Shelor*, 2025 WL 1580834, at *12; ("[P]laintiffs fail to allege sufficient facts to make it plausible that JLRNA failed to comply with the warranty's terms and, accordingly, fail to state an express warranty claim on which relief may be granted."); *Riley v. Gen. Motors, LLC*, 664 F. Supp. 3d 1336, 1344–45 (M.D. Fla. 2023) (breach of warranty dismissed for failing to sufficiently allege compliance with warranty terms").

With respect to software, Plaintiff only vaguely alleges "software failures" and that the "SWAP" file is not functional. Doc. 14, ¶¶ 35, 76. However, the Master Agreement makes clear the software warranty does not warrant against any and all "software failures." *See* Doc. 14-7, ¶ 9(a). In fact, the Master Agreement expressly "does not warrant" "that the Software will meet the Customer's requirements or that the operation of the Software will be uninterrupted or error-free." *Id*. Given the dearth of *factual*—as opposed to conclusory—allegations, and the express limiting language in the Master Agreement, Plaintiff has failed to plausibly allege the Master Agreement's software warranty is even triggered.

Without an adequate factual basis for Plaintiff's breach-of-warranty claim, the Amended Complaint does precisely what Supreme Court precedent prohibits: presents nothing more than "the defendant-unlawfully-harmed-me accusation[s]." Such "catchall allegation[s]" prevent Mueller from assessing whether it may be liable to Plaintiff and from defending itself in this lawsuit. *See Richards v. Fresh Mkt., Inc.*, No. 25-60642-CIV, 2025 WL 1734722, at *4 (S.D. Fla. June 23, 2025) ("Courts in this District also frown upon catch-all allegations because they do not

provide a defendant with sufficient notice." (collecting cases)); *Viamontes v. Scottsdale Ins. Co.*, No. 20-22532-CIV, 2020 WL 5981680, at *2 (S.D. Fla. Oct. 8, 2020) (granting motion to dismiss and stressing that a "[d]efendant cannot be tasked with defending itself by guesswork against . . . catchall allegation[s]). For these reasons, Count IV does not meet the plausibility pleading standard and should be dismissed with prejudice.  *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 41(b).

### III.   Count VI Is Not Plead with the Particularity Required by Rule 9(b) and Is Barred by the Economic Loss Doctrine and Independent Tort Rule.

Count VI of the Amended Complaint is Plaintiff's new claim for purported fraudulent inducement. As a threshold matter, Count VI fails to state with sufficient "particularity the circumstances constituting fraud" and must be dismissed pursuant to Federal Rule of Civil Procedure 9(b). Plaintiff does not plausibly allege that Mueller made any specific statements prior to the contract, let alone any false statement. Further, regarding Mueller's alleged "omission," Plaintiff never alleges that Mueller had any duty to supply Plaintiff with information Plaintiff now claims was material. In fact, Mueller had no such duty as a matter of law. Separately, Count VI is also barred by the economic loss doctrine and the independent tort rule.

### A.   Plaintiff's Fraud Claim Fails to Meet the Heightened Pleading Standard of Fed. R. Civ. P. 9(b) and Should be Dismissed Per Fed. R. Civ. P. 12(b)(6).

A claim of fraudulent inducement based on alleged representations has "four elements: (1) a false statement regarding a material fact; (2) the statement maker's knowledge that the representation is false; (3) intent that the representation induces another's reliance; and (4) consequent injury to the party acting in reliance." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808–09 (11th Cir. 2010) (quotation omitted); *see also, e.g.*, *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010) (same). At the pleading stage, Rule 9(b)

> plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and

11

the person responsible for making (or, in the case of omissions, not
making) them; (3) the content of such statements and the manner in
which they misled the plaintiff; and (4) what the defendant obtained
as a consequence of the fraud.

*Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc.*, 160 F.4th 1110, 1121 (11th Cir.

2025) (quoting *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011).  This

is often described as "the who, what, when, where, and how of the allegedly false statements."

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).   "[T]he purpose of the

heightened pleading standard for fraud is to give the defendant notice of the claims brought against

it, to protect the defendant from harm to its reputation, and to prevent plaintiffs from filing baseless

claims and then attempting to discover unknown wrongs." *Combe v. Flocar Inv. Grp. Corp.*, 977

F.Supp.2d 1301, 1306 (S.D. Fla. 2013).

A fraudulent inducement claim based on alleged omissions has slightly different elements.

The elements of a fraudulent omission claim under Florida law
are:(i) the defendant concealed or failed to disclose a material fact;
(ii) the defendant knew or should have known the material fact
should be disclosed; (iii) the defendant knew its concealment of or
failure to disclose the material fact would induce the plaintiff to act;
(iv) **the defendant had a duty to disclose**; and (v) the plaintiff
detrimentally relied on the concealed information.

*Feaster v. Electrolux Consumer Prods., Inc.*, No. 8:25-CV-00910-JLB-NHA, 2026 WL 183559, at

\*6 (M.D. Fla. Jan. 23, 2026) (*Philip Morris USA Inc. v. Principe*, 337 So. 3d 821, 827 n.7 (Fla. 3d

DCA 2021 (citation omitted) (emphasis added)).

Simply stated, in determining whether a plaintiff has adequately pled fraudulent

inducement, the court considers whether the complaint, "taken as a whole," plausibly pleads—

using who, what, when, were, why, and how allegations—(1) falsity (or omission) of a material

fact, (2) knowledge of falsity (or duty to provide information), (3) intent to induce reliance, and

(4) injury (causation). *PVC Windoors,* 598 F.3d at 809 (affirming dismissal where complaint's

allegations, read together, "f[e]ll short of establishing" the elements of fraudulent inducement); *see also Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015) (affirming dismissal of amended complaint where even "[t]aking the[] allegations, together with the amended complaint's factual matter as a whole, in the light most favorable to [plaintiff], [plaintiff] failed to allege 'factual content that allow[ed the court] to draw the reasonable inference that'" critical elements of plaintiff's claim were satisfied (citing *Iqbal,* 556 U.S. at 678)).

In the Amended Complaint, Plaintiff claims that "[p]rior to contracting with Mueller, Mueller made numerous representations as to the quality of the Mueller AMI System and its associated software, documentation, services, and equipment to the Town." Dkt. 14, ¶ 15. Plaintiff alleges further that "Defendants" never told Plaintiff that Mueller "has received numerous return orders for AMI systems and component parts, in particular meters, since at least 2012." *Id.* at ¶ 16. Plaintiff claims that, "[b]ased on Mueller's representations (as well as omissions), the Town accepted the negotiated agreement with Ferguson for the materials, installation, services, and the contract with Mueller for the AMI software." *Id.* at ¶ 97.

Plaintiff's allegations fail to state a plausible claim for several reasons. At the outset, Plaintiff failed to plead with particularity that Mueller made (or failed to make) *any* representation—let alone what specific representations were made, that they were false, and that it was known that those specific statements were false when making them. As a legal entity, Mueller can only act through its employees and representatives, and the Amended Complaint does not allege that any specific Mueller employee or representative made any statement, and where and when that occurred. *See, e.g.*, *White v. Americas Servicing Co.*, 461 F. App'x 841, 843 (11th Cir. 2012) (dismissal of complaint proper where the plaintiff "failed to plead her fraud claim with particularity because [she] failed to allege who made the statements or misrepresentations, what

13

their precise content was, as well as when and where they were made"); *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1228 (S.D. Fla. 2023). The Amended Complaint further fails to allege any forum, meeting, conversation, or document where a Mueller employee could have been legally required to make a statement. These are precisely the type of facts that must be alleged with particularity to satisfy the requirements of Federal Rule of Civil Procedure 9(b).

As for the notion that Mueller should be held liable for fraud for failing to inform Plaintiff that Mueller "received numerous return orders for AMI systems and component parts, in particular meters, since at least 2012," Dkt. 14, ¶ 16, "[a] defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose." *Behrman v. Allstate Ins. Co.*, 388 F.Supp.2d 1346, 1351 (S.D. Fla. 2005) (citing *TransPetrol Ltd. v. Radulovic* 764 So.2d 878, 880 (Fla. 4th DCA 2000), *aff'd sub nom. Behrman v. Allstate Life Ins. Co.*, 178 F. App'x 862 (11th Cir. 2006). Without any allegation as to duty, "fraudulent inducement is not actionable," and dismissal is warranted. *Babieca Cap., LP v. Cohen Anytime, Inc.*, No. 1:24-CV-24460-PCH, 2025 WL 1488524, at *8 (S.D. Fla. May 23, 2025).

Plaintiff's Count VI never alleges Mueller had a legal duty to disclose information about "return orders" from other customers. Even had Plaintiff included a duty allegation, the claim would still fail. Under Florida law, parties are presumed to negotiate at arms-length, and "[i]n an arms-length transaction, neither party owes a duty to the other to act for that party's benefit or protection, or to disclose facts that the other party could have discovered through its own diligence." *Behrman*, 388 F. Supp. 2d at 1351 (dismissing fraudulent misrepresentation claim; *see also Hernandez v. Stingray Grp. Inc.*, No. 24-CV-21226, 2025 WL 1047138, at *16 (S.D. Fla. Mar. 4, 2025) (dismissing fraudulent concealment claim where plaintiff failed to allege duty disclose

and parties negotiated an arms-length transaction), *report and recommendation adopted*, No. 24-CV-21226-RAR, 2025 WL 938516 (S.D. Fla. Mar. 28, 2025).

In summary, the Amended Complaint's allegations fall far short of meeting Rule 9's pleading requirements for each element of a fraudulent inducement claim. Moreover, the allegations in Plaintiff's Amended Complaint do not alter the fact that the Master Agreement was an arms-length transaction between a party seeking water-meter products and a manufacturer able to provide those products. Because Plaintiff has failed to plead duty to make the alleged disclosure, supported by sufficient factual heft, the fraudulent omission theory of Count VI fails as a matter of law.

      **B.**      **The Economic Loss Rule and Independent Tort Doctrine Preclude Plaintiff's Fraudulent Inducement Claim as a Matter of Law.**

Dismissal of Count VI with prejudice is proper for the additional reason that Plaintiff's fraudulent inducement claim is barred by the economic loss rule and the independent tort doctrine. The economic loss rule is "a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses" in product liability cases. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So.3d 399, 401 (Fla. 2013) (citation omitted). The "rule developed to protect manufacturers from liability for economic damages caused by a defective product beyond those damages provided by warranty law." *Id.* at 403 (citation omitted). The related independent tort doctrine "is an off-shoot of the economic loss rule," *Spears v. SHK Consulting & Dev., Inc.*, 338 F.Supp.3d 1272, 1279 (M.D. Fla. 2018), and more broadly "bar[s] a tort claim where the offending party has committed no breach of duty independent of a breach of its contractual obligations." *Alhassid v. Bank of Am., N.A.*, 60 F.Supp.3d 1302, 1318 (S.D. Fla. 2014).

The independent tort "doctrine prohibits a claimant from repackaging breach of contract claims as independent actions in tort." *Pastor v. Bank of Am., N.A.*, 664 F.Supp.3d 1365, 1367 (S.D. Fla. 2023) (cleaned up and quotations omitted). Under the independent tort doctrine, the inquiry is whether the complaint "plead[s] a tortious action committed separate and apart from the breach of contract." *Stepakoff v. Iberiabank Corp.*, 637 F.Supp.3d 1309, 1315 (S.D. Fla. 2022); *Pastor*, 664 F. Supp. 3d at 1367. The complaint must also plead a separate injury resulting from the alleged tort. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1318 (S.D. Fla. 2014); *see also Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017) (deeming "well settled that, for an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the contract's breach" (citation omitted)).

Although Plaintiff's fraudulent inducement claim merely states conclusory allegations devoid of factual detail, the core claim is based on the same allegations as its breach of contract and breach of warranty claims—the equipment and software it purchased allegedly did not perform as promised. Dkt. 14, ¶ 95. This is the classic product-liability claim subject to the economic loss doctrine. Furthermore, Plaintiff alleges identical economic damages were incurred for the alleged fraud in the inducement as the contract-based claims. *Id*. at ¶ 99. Numerous federal courts applying Florida law have held under comparable facts that the economic loss doctrine bars these types of fraudulent inducement claims. *Dawson v. Generac Power Systems, Inc.*, No. 8:24-cv-2412, 2025 WL 3754016, at *13–15 (M.D. Fla. Dec. 29, 2025); *Vazquez v. General Motors, LLC*, No. 17-22209-CIV, 2018 WL 447644, at *5–6 (Jan. 16, 2018); *In re Takata Airbag Prods. Liab. Litig.*, 193 F.Supp.3d1324, 1338–39 (S.D. Fla. 2016)l *Burns v. Winnebago Industries, Inc.*, No. 8:13-cv-1427-T-24 MAP, 2013 WL 4437246, at *4 (M.D. Fla. Aug. 16, 2013). "To hold otherwise would allow

the economic loss rule to be manipulated such that any time a purchaser received a defective product that did not cause any injuries or damages to other property, such a purchaser could assert claims for negligent and fraudulent concealment regarding the defect to avoid the economic loss rule." *Burns*, at * 3.

Accordingly, Count VI must be dismissed pursuant to the economic loss rule and the independent tort doctrine. *Uniq Branch Off. Mexico, S.A. de C.V. v. Steel Media Grp., LLC*, No. 22-23876-CIV, 2023 WL 6294841, at *7 (S.D. Fla. Sept. 27, 2023) (dismissing fraudulent inducement claims where "plaintiffs' failure to plead separate damages stemming from those statements [was] fatal to [those] claims pursuant to the independent tort doctrine"); *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d at 1318 ("Plaintiffs have not pleaded any breach or injury separate and apart from their breach of contract claims against Nationstar, [so] their claim for civil conspiracy cannot survive."); *Turner v. KeyBank*, No. 08-10058-CIV, 2009 WL 10667001, at *4 (S.D. Fla. Aug. 13, 2009) (economic loss doctrine barred fraud claim where plaintiffs were not "seeking any damages beyond those available for breach of contract"); *Peebles*, 223 So. 3d at 1068.

## IV.    Plaintiff Cannot Recover the Only Remedy it Seeks as a Matter of Law.

Counts II, IV, and VI should be dismissed for the additional reason that Plaintiff seeks a remedy that is contractually unavailable as a matter of law. Specifically, the only remedy Plaintiff seeks in the Amended Complaint is monetary damages. Such damages are foreclosed under the Master Agreement, which limits Plaintiff's remedy for breaches of warranty to exclusively repair or replacement (for hardware warranties), and repair, replacement, or reimbursement and agreement-termination (for software warranties). Dkt. 14-7, pp. 3–4. As noted above, a manufacturer can "limit[] the buyer's remedies to return of the goods and repayment of the price or to repair and replacement of nonconforming goods or parts." *See* Fla. Stat. § 672.719(1)(a);

*Kelly*, 819 F. App'x at 717. And where a contractual remedy for breach of warranty "is expressly agreed to be exclusive, . . . it is the sole remedy." Section 672.719(1)(b), Fla. Stat. Because Plaintiff cannot recover monetary damages, dismissal of Plaintiff's claims against Mueller is proper. *See U.S. Water Servs. Corp. v. Xylem Water Sols. U.S.A. Inc.*, No. 2:25-CV-15-SPC-DNF, 2025 WL 3080106, at *4 (M.D. Fla. Oct. 2, 2025) (granting judgment on the pleadings where product's exclusive remedy authorized repair or replacement yet plaintiff sought money damages for alleged breach).

Florida "law is clear that limitation-of-liability clauses are enforceable." *Mt. Hawley Ins. Co. v. Pallet Consultants Corp.*, No. 06-61763-civ, 2009 WL 1911722, at *9 (S.D. Fla. July 1, 2009); *see also, e.g., Amoco Oil Co. v. Gomez*, 125 F.Supp.2d 492, 511 (S.D. Fla. 2000) ("Florida courts allow parties to limit remedies contractually, and if such provisions are made, a court may not award greater compensatory damages."); *Ament v. One Las Olas, Ltd.*, 898 So.2d 147, 151 (Fla. 4th DCA 2005) ("Parties may contractually limit damages for breach."). Accordingly, this Court should enforce the exclusive repair-or-replacement remedy in the binding contract between Plaintiff and Mueller.

## CONCLUSION

Plaintiff has failed to plausibly allege that Mueller breached the Master Agreement or the limited warranties provided in conjunction with the Project, or that Mueller fraudulently induced Plaintiff to enter into the Master Agreement. Plaintiff's fraudulent inducement claim is also barred under the economic loss rule and independent tort doctrine as a matter of law. Accordingly, and for the additional reason that the contract documents preclude Plaintiff from recovering monetary damages from Mueller for issues relating to the Project, Mueller respectfully requests the Court dismiss Plaintiff's Count II, IV, and VI. Further, because Plaintiff already had the opportunity to

remedy its pleading failures and could have raised the new fraudulent inducement claim against Mueller in the original complaint, Mueller requests such dismissal be with prejudice.


Dated:  March 4, 2026                                  Respectfully submitted,


                                                       */s/ J. Daniel Gardner*
                                                       J. Daniel Gardner
                                                       Florida Bar No.: 58639

                                                       SHOOK, HARDY & BACON L.L.P.
                                                       201 S. Biscayne Boulevard, Suite 3200
                                                       Miami, FL  33131
                                                       Telephone:     (305) 358-5171
                                                       Email:  jgardner@shb.com
                                                               jferber@shb.com

                                                       Katharine Paine
                                                       Florida Bar No.: 1004192
                                                       SHOOK, HARDY & BACON L.L.P.
                                                       100 N Tampa St # 2900, Tampa, FL 33602
                                                       Telephone:     (813) 202-7100
                                                       Email:  kpaine@shb.com


                                                       *Counsel for Defendant Mueller Systems
                                                       LLC*